SAN JUAN COUNTY NM
FILED
2010 JAN 7 AM 10 18

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT

No. CV 2010-378

ELM RIDGE EXPLORATION COMPANY, LLC

    Plaintiff,

v.

FRED L. ENGLE

    Defendant.

## COMPLAINT FOR FORECLOSURE OF REAL PROPERTY

COMES NOW Plaintiff, Elm Ridge Exploration Company, LLC, by and through its undersigned counsel, Lon W. Abadie and William E. Zimsky, Abadie & Schill, P.C., and for its complaint against the above-named Defendant, states the following:

### I. JURISDICTION AND PARTIES

1. Plaintiff Elm Ridge Exploration Company, LLC ("Elm Ridge") is a New Mexico limited liability company currently authorized and doing business in the State of New Mexico. Elm Ridge is the successor in interest to Giant Exploration & Production Company ("Giant").

2. Defendant Fred L. Engle is a resident of Minnehaha County, South Dakota.

3. Jurisdiction and venue are proper in San Juan County, New Mexico, because the real property which is the subject matter of this Complaint is located in San Juan County and the contract that gives rise to this action was performed in San Juan County.

### II. GENERAL ALLEGATIONS

4. The parties entered into an Operating Agreement dated November 2, 1992. Giant executed the Operating Agreement on November 2, 1992. Engle executed the Operating Agreement on November 23, 1992. True and correct copies of the pertinent pages of the Operating Agreement are attached hereto as Exhibit 1.

5. The Operating Agreement provided that Elm Ridge (as successor in interest to Giant) would be responsible for conducting oil and gas drilling operations in two units, defined as the "Contract Area" in Exhibit A of the Operating Agreement, both located in Township 25 North, Range 13 West, N.M.P.M., San Juan County, New Mexico. The two units were described as: Section 22: E/2 and Section 28: N/2.

6. Elm Ridge owns 100% of the working interest in the following lease that contributes acreage to the Section 22 Unit in the Contract Area:

> Federal Oil and Gas Lease NM 80506
> in so far as it covers
> T25N-R13W, N.M.P.M.
> Section 22: N/2NE/4, SE/4NE/4
> San Juan County, New Mexico
> Limited to the Basin Fruitland Coal Formation

7. Engle owns 100% of the working interest in the following lease that contributes acreage to the Section 22 Unit in the Contract Area:

> Federal Oil and Gas Lease NM 87302
> in so far as it covers
> T25N-R13W, N.M.P.M.
> Section 22: SW/4NE/4, SE/4
> San Juan County, New Mexico
> Limited to the Basin Fruitland Coal Formation

8. Pursuant to the Operating Agreement, Elm Ridge, as the Operator of the Contract Area, is responsible for conducting operations on the Section 22 Unit. Elm Ridge is charged with conducting all such operations in a good and workmanlike manner.

9. Pursuant to the terms of the Operating Agreement, Engle is designated as Non-Operator and, as such, is obligated to pay his proportional share of the costs of developing and operating the Contract Area. *See* Operating Agreement at Article VII.A and B and Article XV.B.

10. The Operating Agreement obligated Giant to commence drilling a well on or before December 31, 1992 at a location specified in the Operating Agreement. *See* Operating Agreement at Article VI.A.

11. Giant, as the predecessor in interest to Elm Ridge, fulfilled that obligation and drilled a well as provided for at Article VI.A, known as the West Bisti Coal 22 Com No. 1 Well ("West Bisti 22-1 Well").

12. Pursuant to Article VI.B(1), if any party to the Operating Agreement desires to drill any well in the Contract Well other than the well provided for in Article VI.A, that party is obligated to provide written notice of the proposed operation, specifying the work to be performed, the location, proposed depth, objective formation and the estimated costs of the operation.

13. The Operating Agreement gives parties to the agreement two options upon receiving notice of a proposal to drill a new well. First, within 30 days of receiving written notice of the proposal, a party can elect to participate in the well and become a Consenting Party. *See* Operating Agreement at Article VI.B(1). The entire cost and risk of conducting such operations is borne by the Consenting Parties. *Id.* at Article VI.B(2).

14. A party also has the option of deciding not to elect to participate in the new well and become a Non-Consenting Party. *Id.* A Non-Consenting Party relinquishes his respective interests in the well and his share of any production from the well until such time as the net proceeds from the sale of their share of the production from the well (or the market value thereof if not sold) equals the total of 200% of their share of certain costs and expenses as detailed in Article VI.B(2).

15. If all parties elect to participate in the proposed well, the proposing party must commence drilling operations within 90 days of the expiration of the 30 day notice period, unless the proposing party gives written notice to the Consenting Parties of a 30 day extension as provided for in the Operating Agreement. *Id.* at Article VI.B(1). If the operation is not commenced within this period, then if any party wishes to conduct the operation, written notice must be provided to the other parties in accordance with the provisions of the Operating Agreement "as if no prior proposal had been made." *Id.*

16. In June 2005, Elm Ridge, provided written notice to Engle in compliance with Article VI.B(1) of its intention to drill a well in the SE/4 of Section 22 (T25N, R13W, N.M.P.M.) within the Contract Area. This well is designated as the West Bisti Coal 22 Com No. 1T (the "West Bisti 22-1T Well").

17. In June 2005, Engle elected to participate in the West Bisti 22-1T Well and signed the cost estimate on June 14, 2005. *See* Election Form and June 1, 2005 cost estimate executed by Mr. Engle on June 14, 2005 attached hereto at Exhibit 2.

18. Elm Ridge was unable to obtain the required permits for the West Bisti 22-1T Well and was unable to drill the West Bisti 22-1T Well within the time frame required by Article VI.B(1).

19. Three years later, Elm Ridge obtained the necessary permits and by certified letter dated July 8, 2008 Elm Ridge provided written notice to Engle in full compliance with Article VI.B(1) of its intention to drill the West Bisti 22-1T Well. This notice contained a higher

estimate of costs for the well than the June 1, 2005 cost estimate provided by Giant to Engle. A copy of Elm Ridge's July 8 letter and cost estimate is attached hereto as Exhibit 3.

20. By letter dated August 25, 2008, Engle elected not to participate in the West Bisti 22-1T Well, but instead elected to be a Non-Consenting party. That election, however, was conditioned on limiting the 200% penalty to "actual costs prior to first sale of commercial production." A copy of Engle's August 25, 2008 letter is attached hereto as Exhibit 4.

21. By letter dated August 27, 2008, Elm Ridge acknowledged Engle's election not to participate in the West Bisti 22-1T Well, and noted that the Operating Agreement provided for a 200% penalty on Non-Consenting Parties. A copy of Elm Ridge's August 27, 2008 letter is attached hereto as Exhibit 5.

22. By letter dated September 2, 2008, Engle asserted that the June 1, 2005 cost estimate that he signed on June 14, 2005 (Exhibit 2), referred to as the "AFE" in this letter, "remains in full force and effect" and asserted that he did not accept the new AFE that accompanied the July 8, 2008 letter to him (Exhibit 3). A copy of Engle's September 2, 2008 letter is attached hereto as Exhibit 6.

23. In a letter dated September 12, 2008 to Engle, Elm Ridge acknowledged that the penalty for Non-Consenting Parties was 200% and informed Engle that the June 1, 2005 cost estimate was no longer operative under the terms of the Operating Agreement. A copy of Elm Ridge's September 12, 2008 letter is attached hereto as Exhibit 7.

24. By letter dated September 13, 2008, Engle revoked his acceptance of the Non-Consenting Party penalty stipulation and advised Elm Ridge not to refund $11,796.86 he had already paid. Through this letter Engle agreed to participate and to apply this money to his share of the costs of the West Bisti 22-1T Well. A copy of Engle's September 13, 2008 letter is attached hereto as Exhibit 8.

25. In response to Engle's letter dated September 13, 2008, Elm Ridge, by letter dated September 13, 2008, acknowledged Engle's election to participate in the drilling of the West Bisti 22-1T Well. A copy of Elm Ridge's September 13, 2008 letter is attached hereto as Exhibit 9.

26. Pursuant to the provisions of the Operating Agreement, including the Accounting Procedure Joint Operations (Exhibit C of Operating Agreement), Elm Ridge began sending statements to Engle for his proportionate share of costs and expenses for the West Bisti 22-1T Well.

27. Engle has defaulted on his obligation to pay his proportionate share for the costs and expenses of the West Bisti 22-1T Well as provided for in the Operating Agreement. As of November 24, 2009, Engle owed Elm Ridge $186,531.56 for Engle's proportionate share of the

costs and expenses for the West Bisti 22–1T Well, not including any interest due. Of this amount, $159,729.39, not including interest, is more than 90 days past due.

28.     Pursuant to Article XV.B(1) of the Operating Agreement, Engle gave Elm Ridge a security interest in the following property:

(a)     all of Engle's right, title and interest in presently existing or subsequently acquired oil and gas leases and minerals within the Contract Area or lands pooled or unitized therewith and all renewals and extensions of such leases;

(b)     all of Engle's right title and interest in all oil wells, gas wells, injection wells, disposal wells and all other wells in which Engle presently owns or hereafter acquires an interest located with the Contract Area or lands pooled unitized therewith;

(c)     all of Engle's right, title and interest in all other real property and improvements presently or subsequently located with the Contract Area.

Operating Agreement at Article XV.B(1)(b) – (d).

29.     Pursuant to Article XV.B(1) and XV.B(3) of the Operating Agreement, Engle gave Elm Ridge a security interest in all of his interests in the Contract Area including his interest in Federal Oil & Gas Lease NM 87302 insofar as said Leases cover the Basin Fruitland Coal Formation, together with: (a) well bore and related interests for the West Bisti Coal 22 - 1 Well; and (b) well bore and related interests in the West Bisti Coal 22 - 1T well.

30.     Elm Ridge's liens on Engle's property described in Paragraphs 28 and 29 were granted to Elm Ridge by Engle to secure every obligation created under the terms of the Operating Agreement including, but not limited to, Engle's obligation to pay his share of expenses, interest, fees and costs of development. Operating Agreement at Article XV.B.

31.     Plaintiff's liens on the property described in Paragraphs 28 and 29 herein are valid and continuing liens.

32.     Pursuant to Article VI.B.7 of the Operating Agreement, Elm Ridge is authorized to foreclose its liens by advertisement and sale of Engle's property subject to the liens, at public auction for cash, according to the New Mexico statutes regarding mortgage foreclosures.

### III. CLAIMS FOR RELIEF

### PLAINTIFF'S FIRST CLAIM FOR RELIEF

#### FORECLOSURE OF LIENS ON FEDERAL OIL & GAS LEASE NM 87302

33. Plaintiff incorporates paragraphs 1 through 32 above as if fully set forth herein, and further alleges as follows:

34. Engle is in default on his obligations to pay his proportional share of the costs of the West Bisti 22-1T Well under the terms of the Operating Agreement and Elm Ridge is entitled to foreclose on its liens on Federal Oil & Gas Lease NM 87302 and the Defendants' interests in the wellbores for the West Bisti 22-1 Well and the West Bisti 22-1T Well and related fixtures and to sell the property secured thereby at a sale with the proceeds to be applied to the subject indebtedness.

35. Pursuant to the Article XV.B(9) of the Operating Agreement, Elm Ridge is entitled to recover all reasonable attorney fees and costs incurred in the foreclosure of said liens.

36. Therefore, under the terms of the Operating Agreement, Elm Ridge is entitled to an Order foreclosing the liens on Federal Oil & Gas Lease NM 87302 and the Defendants' interests in the wellbores for the West Bisti 22-1 Well and the West Bisti 22-1T Well and related fixtures and ordering the sale of this lease and these wellbores and for the applying the proceeds of the sale to the indebtedness of Engle to Elm Ridge.

### PLAINTIFF'S SECOND CLAIM FOR RELIEF

#### (Breach of Contract)

37. Plaintiff re-alleges those allegations contained in paragraphs 1 through 36 and incorporate them herein.

38. Elm Ridge has performed all its obligations under the terms of the Operating Agreement and has never been in breach of the Operating Agreement.

39. Engle has breached the agreement with Elm Ridge by refusing to pay Elm Ridge his proportional share for the costs and expenses of the West Bisti 22-1T Well as provided for under the terms of the Operating Agreement.

40. Despite repeated demands by Elm Ridge, Engle has refused to cure said breach. The amount due from Engle to Elm Ridge as of November 24, 2009 was $186,531.56, plus accrued interest, under the Operating Agreement.

41. As a direct and proximate result of the breach of the Operating Agreement between the parties, Elm Ridge has suffered damages in an amount to be proven at trial, including interest, reasonable costs and attorney fees as provided for in the Operating Agreement.

### PLAINTIFF'S THIRD CLAIM FOR RELIEF

(In the alternative: Declaratory Relief that Engle is a Non-Consenting Party Subject to the Penalty Provisions Set forth in Article VI.B(2) of the Operating Agreement)

42. Plaintiff re-alleges those allegations contained in paragraphs 1 through 41 and incorporates them herein.

43. An actual controversy exists between Elm Ridge and Engle with regard to the Engle's status under of the Operating Agreement. Elm Ridge asserts that Engle is a Consenting Party under the Operating Agreement. In the event that the Court holds that Engle is not a Consenting Party under the Operating Agreement with respect to the West Bisti 22-1T Well, Elm Ridge is entitled to declaratory judgment establishing that Engle is a Non-Consenting Party under Article VI.B(2) of the Operating Agreement and is subject to the penalty provisions set forth in Article VI.B(2) of the Operating Agreement with respect to the West Bisti 22-1T Well.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in its favor and against Defendant as follows:

A. For an Order foreclosing the Plaintiff's liens on all of Engle's right, title and interest in the Contract Area, including all of his interests in: (a) Federal Oil & Gas Lease NM 87302; together with the well bore and related interests for the West Bisti 22-1 Well; and the well bore and related interests in the West Bisti 22-1T Well and related fixtures; insofar as said Lease covers the Basin Fruitland Coal Formations; (b) presently existing or subsequently acquired oil and gas leases and minerals within the Contract Area or lands pooled or unitized therewith and all renewals and extensions of such leases; (c) all oil wells, gas wells, injection wells, disposal wells and all other wells in which Engle presently owns or hereafter acquires an interest located within the Contract Area or lands pooled unitized therewith; and (d) all other real property and improvements presently or subsequently located within the Contract Area; and directing the Sheriff of San Juan County, New Mexico to sell at Public Sale all of said interests and to apply the proceeds thereof to satisfy the indebtedness of Defendant to Plaintiff;

B. For an Order awarding Plaintiff all costs and attorneys' fees associated with this action and collecting the indebtedness set forth herein, including but not limited to title costs,

costs associated with the sale of the property, expert witness fees, if any, and attorneys' fees pursuant to the Operating Agreement set forth herein;

C. For an Order awarding to Plaintiff any deficiency following the sale of the property under the Liens;

D. For all pre- and post-judgment interest as may be allowed by New Mexico law and the Operating Agreement;

E. A judgment against Engle and in favor of Plaintiff for breach of contract in an amount to be proven at trial;

F. In the event that the Court holds that Engle is not a Consenting Party under the Operating Agreement, a declaratory judgment establishing that Engle is a Non-Consenting Party under Article VI.B(2) of the Operating Agreement and is subject to the penalty provisions set forth in Article VI.B(2) of the Operating Agreement with respect to West Bisti 22-1T Well.

G. For all post-judgment collection fees and costs, including reasonable attorneys' fees;

H. For all actual and consequential damages; and

I. For such other relief as this Court may deem just and proper.

Dated this 7th day of January, 2010.

ABADIE & SCHILL, PC

Lon W. Abadie (#10479)
William E. Zimsky (#126430)
Attorneys for Elm Ridge Exploration Company, LLC
1099 Main Avenue, Suite 315
Durango, CO 81301
Phone: (970) 385-4401

**Plaintiff's Address:**
12225 Greenville Avenue, Ste 950
Dallas, TX 75243