**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ELM RIDGE EXPLORATION COMPANY, LLC

                Plaintiff/Counterclaim Defendant,

vs.                                                  Civ. No. 10-00328 MCA/LFG

FRED ENGLE,

                Defendant/Counterclaimant,

and

FRED ENGLE,

                Third-party Plaintiff,

vs.

GIANT EXPLORATION and PRODUCTION
COMPANY  and
CENTRAL RESOURCES, INC.,

                Third-party Defendants.

**ORDER**

      This matter is before the Court upon  Defendant/Counterclaim-Plaintiff Fred Engle's

*Motion for Reconsideration* [Doc. 113]. The Court has considered the *Motion*, Elm Ridge and

Central's *Response* [Doc. 114], and is otherwise fully advised in the premises

      Engle's Motion for Reconsideration is not well-taken.  With one exception, Engle's

motion is largely a repetition of arguments that the Court previously rejected.  The new

argument is that Giant, Central, and Elm Ridge engaged in fraudulent concealment of the true

nature of the Giant-Central stock purchase transaction.  As this Court has previously noted,

under New Mexico law, Engle is presumed to have been familiar with the provisions of the

Operating Agreement, including Article V.B.2,  the provision governing the selection of a

successor Operator. Further, there are no allegations in the Counterclaim or Third-party

Complaint, and no evidence proffered in the record, suggesting that Engle and Giant were

involved in ventures other than the one covered by the Operating Agreement at issue in this

case–a crucial point that Engle overlooks.  A reasonable jury would necessarily find that Engle

was under a duty to inquire as to whether  the September 30, 1996 letter referred to the

properties that are the subject of the Operating Agreement at issue in this case.  *Williams v.*

*Stewart*, 137 N.M. 420, 2005-NMCA-061, ¶ 14 (observing that "[t]he discovery rule carries an

inquiry obligation. A plaintiff must exercise reasonable diligence to discover a claim").

Similarly, a reasonable jury would necessarily find that  Engle was under a duty to inquire as to

whether the September 29, 2000 referred to the properties that are the subject of the Operating

Agreement at issue in this case. Assuming, *arguendo*, that the deposition testimony of  James M.

Clark, Jr. establishes fraudulent concealment by Giant, Central, and Elm Ridge,  Engle's claims

against Central and Elm Ridge would still be barred by the applicable statute of limitations. A

reasonable jury necessarily would find that Engle knew or should have known of Central's

unilateral assumption of the operatorship upon receipt of the September 30, 1996 letter and of

Elm Ridge's unilateral assumption of the operatorship upon receipt of the September 29, 2000

letter. A reasonable jury necessarily would find that Engle was under a duty to inquire as to

whether these letters referred to properties that were the subject of the Operating Agreement.

The letters, coupled with the Article V.B.2. of the Operating Agreement, provided Engle with all

the information he needed to assert his rights and to challenge Central's, and subsequently, Elm

Ridge's, unilateral assumption of the operatorship. Once Engle knew or should have known that he had suffered an injury–*i.e.*, the assumption of the operatorship, first by Central, and then by Elm Ridge without Engle's consent–the statute of limitations began to run on his claim that he had been deprived of his right to participate in the selection of a successor Operator under Article V.B.2 of the Operating Agreement, notwithstanding any fraudulent concealment by Central or Elm Ridge. *See Gerke v. Romero*,  148 N.M. 367, 2010-NMCA-060, ¶ 20. Engle misunderstands New Mexico's doctrine of fraudulent concealment:  fraudulent concealment does not excuse Engle's head-in-the-sand behavior.

**IT IS THEREFORE HEREBY ORDERED** that Defendant/Counterclaim-Plaintiff Fred Engle's Motion for Reconsideration [Doc. 113] is **denied**.

So ordered this 19th day of September, 2011.

M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE