IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELM RIDGE EXPLORATION COMPANY, LLC

        Plaintiff/Counterclaim Defendant,

vs.                                                                                                          Civ. No. 10-00328 MCA/LFG

FRED ENGLE,

        Defendant/Counterclaimant,

**ORDER GRANTING ELM RIDGE'S MOTION IN LIMINE
REGARDING EVIDENCE RELATED TO ANY ALLEGED BREACH OF THE
OPERATING AGREEMENT RELATED TO
<u>ELM RIDGE BECOMING THE OPERATOR</u>**

      This is case is before the Court upon Elm Ridge Exploration Company's *Motion in Limine Regarding Evidence Related to any Alleged Breach of the Operating Agreement Related to Elm Ridge Becoming the Operator* [Doc. 119] and Fred Engle's response thereto [Doc. 133]. The Court has considered the written submissions of the parties, the arguments of counsel at the Call of the Calendar, the record in this case, the pertinent law, and is otherwise fully advised.

      There is no dispute that Elm Ridge Elm Ridge unilaterally assumed the role of Operator without invoking the procedure set out in Article V.B.2. of the Operating Agreement. Engle would have the jury draw an inference from this circumstance that Elm Ridge engaged in a pattern of willful misconduct. However, it is clear from the provision of V.B.2. requiring a successor operator to be "selected from the parties owning an interest in the Contract Area" that

unless Engle himself was prepared to take on the role of Operator, the role of Operator would fall to Elm Ridge as the only other party "owning an interest in the Contract area." Engle has not come forward with evidence that he was capable and willing to assume the position of Operator. Further, it is not clear to the Court that Engle had the unilateral right to designate the successor Operator. In the case of a successor to an Operator that has resigned, Article V.B.2. states that the selection shall be "by the affirmative vote of *two (2) or more* parties owning a majority interest based on ownership as shown on Exhibit "A." (Emphasis added). Thus, although Engle owned a majority interest, he could not by himself, provide the required vote of "two (2) or more parties." It appears that Elm Ridge assumed what would have appeared to have been a foregone conclusion under the Operating Agreement: Elm Ridge would become the successor Operator by default. Moreover, although Engle knew or should have known of Elm Ridge's assumption of the role of Operator, he did not object or insist on the formality of a vote. Thus, the inference that Engle would have the fact finder draw from this evidence–that Elm Ridge willfully violated Engle's rights--is weak. The Court is persuaded that under Fed. Evid. Rule 403, the scant probative value of this evidence on the issue of willfulness is substantially outweighed by the risk of embroiling the jury in a side issue that will consume valuable time, confuse the jury, and distract the jury from the important issues in this case.

Furthermore, evidence that Elm Ridge assumed the role of Operator without going through the formalities required by Article V.B.2., if offered to prove Elm Ridge's willfulness on later occasions, is excludable under Fed. Evid. Rule 404(b) as interpreted in *United States v. Commanche*, 577 F.3d 1261, 1266-68 (10th Cir. 2009). Engle intends to offer this evidence to show that Elm Ridge acted willfully. [Doc. 133 at ¶¶ 1, 5] Evidence of other acts is not admissible to prove a party's state of mind if the evidence's logical relevance depends upon an

inference that the party against whom the evidence is offered is acting in conformity with a particular character trait–in this case an alleged tendency to wilfully ignore Engle's rights under the Operating Agreement. Engle's proposed use of evidence of Elm Ridge's unilateral assumption of the role of Operator falls squarely within Rule 404(b)'s proscription of propensity evidence as interpreted by the Court of Appeals in *Commanche*.

**IT IS THEREFORE HEREBY ORDERED** that, for the reasons set forth herein and at the Call of the Calendar, Elm Ridge Exploration Company's *Motion in Limine Regarding Evidence Related to any Alleged Breach of the Operating Agreement Related to Elm Ridge Becoming the Operator* [Doc. 121] is **granted**.

**SO ORDERED this 9th day of October, 2011.**

_____
M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE