IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


ELM RIDGE EXPLORATION COMPANY, LLC

        Plaintiff/Counterclaim Defendant,

vs.                                                                            Civ. No. 10-00328 MCA/LFG

FRED ENGLE,

        Defendant/Counterclaimant,


**ORDER GRANTING ELM RIDGE'S MOTION IN LIMINE
REGARDING EVIDENCE RELATED TO ELM RIDGE'S PROPOSAL
TO DRILL THE WEST BISTI 22-1T WELL IN 2005**

This case is before the Court upon Elm Ridge Exploration Company's *Motion in Limine Regarding Evidence Related to Elm Ridge's Proposal to Drill the West Bisti 22-1T Well in 2005* [Doc. 120] and Fred Engle's Response thereto [Doc. 141]. Elm Ridge argues that Engle is precluded from admitting evidence to prove that Elm Ridge breached the Operating Agreement when it did not drill the West Bisti 22-1T Well pursuant to the 2005 AFE. The Court has considered the written submissions of the parties, the arguments of counsel at the Call of the Calendar, the record in this case, the pertinent law, and is otherwise fully advised.

Elm Ridge's motion in limine is largely disposed of by the Court's analysis in its

September 6, 2011 Memorandum Opinion and Order [Doc. 112]. As the Court has previously determined, "[w]hen Elm Ridge was unable to obtain the required drilling permits[1] within 90 days of the expiration of the 30 day notice period, the [2005] proposal simply lapsed, leaving the parties 'as if no prior proposal had been made.'" [Doc. 112 at 5]

Further, the Court finds no language in the Operating Agreement that imposed on Elm Ridge a duty to submit a new proposal after the original proposal lapsed. Elm Ridge and Engle are parties to a standard form operating agreement, not an oil and gas lease. The Court therefore is reluctant to read into the Operating Agreement implied duties even though such duties may be proper in the context of an oil and gas lease. Gary B. Condine, *The Prudent Operator Standard: Applications beyond the Oil and Gas Lease*, 41 Nat. Resources. J. 23, 25 ("The conclusion that must be reached is that there is no basis for implying terms through the good and workmanlike standard in the operating agreement in the same way as is done with the prudent operator standard in the oil and gas lease."). As the Court reads the Operating Agreement, Elm Ridge's responsibilities as Operator were and are limited "to *conduct[ing]* operations in a good and workmanlike manner" as set out in Article V.A., and do not include the selection or authorization of operations. Condine, *supra*, at 42 ("The operator does not have exclusive control over the selection and initiation of operations but conducts those operations that are proposed by any party and approved by those desiring to participate. Nevertheless, the operator does have exclusive control over the actual conduct of the approved operations."). After the 2005 AFE lapsed, there was no pending operation to which Elm Ridge's duty "to conduct operations in a good and workmanlike manner" could attach. Pursuant to Article VI.B.1, the decision *to*

---

[1] Engle concedes that "Elm Ridge or its contractor pursued those [permits] in a more or less diligent fashion." [Doc. 116 at 9]

*propose* operations was committed equally to Elm Ridge and Engle as parties to the Operating Agreement. Condine, *supra*, at 58.  If Engle was concerned with the timing of the second well, he would have been free to provide Elm Ridge with written notice of his own proposal pursuant to Article VI.B.1.  The Court concludes that under the unambiguous language of the Operating Agreement, Elm Ridge did not breach the Operating Agreement by waiting until July 2008 to re-propose drilling a second well.  Evidence supporting such a legal theory is therefore immaterial and irrelevant.

At the Call of the Calendar, Elm Ridge withdrew its objections to Exhibits F, T through Y, AA and ZZ, and Engle withdrew Exhibit S.  Elm Ridge's motion will be deemed moot as to these exhibits.  At the Call of the Calendar, the Court took under advisement Elm Ridge's motion with respect to Exhibit CCC. The Court is now satisfied that Exhibit CCC is being offered solely in support of a claim for damages for delay in re-proposing the second  well, and is therefore inadmissible.  In summary, Elm Ridge's motion is granted as to Exhibits E, DD through YY, and CCC . It is denied as moot as to Exhibit's F, S, T through Y, AA and ZZ.  The Motion is denied as to Exhibit E, to the extent that it is not offered to support a claim for delayed damages; Exhibit E may be admitted for the limited purpose articulated at the Call of the Calendar.

It appears to the Court from the arguments of counsel at the Call of the Calendar that certain exhibits may be relevant for purposes other than proving a claim for damages based on delay in re-proposing the second well.  The admissibility of these exhibits for such other purposes will depend on the context in which they are offered, and the presentation to the jury of appropriate limiting instructions.

**WHEREFORE, IT IS HEREBY ORDERED** that for the reasons set forth herein and at the Call of the Calendar, Elm Ridge Exploration Company's *Motion in Limine Regarding Evidence Related to Elm Ridge's Proposal to Drill the West Bisti 22-IT Well in 2005* [Doc. 120] is **granted in part and denied in part**.

**SO ORDERED this 9th day of October, 2011.**

_____
M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE