IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELM RIDGE EXPLORATION COMPANY, LLC

        Plaintiff/Counterclaim Defendant,

vs.                                                   Civ. No. 10-00328 MCA/LFG

FRED ENGLE,

        Defendant/Counterclaimant,

## ORDER GRANTING ELM RIDGE'S MOTION IN LIMINE REGARDING EVIDENCE RELATED TO ANY ALLEGED MISREPRESENTATION ELM RIDGE MADE TO THE UNITED STATES BUREAU OF LAND MANAGEMENT

      This is case is before the Court upon Elm Ridge Exploration Company's *Motion in Limine Regarding Evidence Related to any Alleged Misrepresentation Elm Ridge Made to the United States Bureau of Land Management* [Doc. 121] and Fred Engle's response thereto [Doc. 134]. The Court has considered the written submissions of the parties, the arguments of counsel at the Call of the Calendar, the record in this case, the pertinent law, and is otherwise fully advised.

      Elm Ridge argues that Engle should be precluded from introducing evidence that Elm Ridge represented to the United States Bureau of Land Management that Elm Ridge had been "designated " as successor operator. [Exhibits C and D]. There is no dispute that when Elm Ridge made this representation it had not been designated as successor operator in the manner set out in Article V.B.2. of the Operating Agreement.   It is clear from the provision of V.B.2

requiring a successor operator to be "selected from the parties owning an interest in the Contract Area" that unless Engle himself was prepared to take on the role of Operator, the role of Operator would fall to Elm Ridge as the only other party "owning an interest in the Contract area." Further, it is not clear to the Court that Engle had the unilateral right to designate the successor Operator. In the case of a successor to an Operator that has resigned, Article V.B.2. states that the selection shall be "by the affirmative vote of two (2) or more parties owning a majority interest based on ownership as shown on Exhibit "A." Thus, although Engle owned a majority interest, he could not by himself, provide the required vote of "two (2) or more parties." It appears that Elm Ridge represented to the BLM what Elm Ridge believed was for all practical purposes a foregone conclusion under the Operating Agreement: Elm Ridge would assume the role of successor Operator. Thus, the inference that Engle would have the fact finder draw from this evidence–that Elm Ridge willfully tended to ignore its obligations under the Operating Agreement , especially those provisions requiring it to obtain Engle's approval– is fairly weak. The Court is persuaded that under Fed. Evid. Rule 403, the scant probative value of this evidence is substantially outweighed by the risk of confusing the jury and embroiling the jury in a side issue that will consume valuable time and distract the jury from the important issues in this case.

Furthermore, the Court is persuaded that to the extent Exhibits C and D are offered to prove Elm Ridge's willfulness on later occasions, evidence of misrepresentations to the BLM must be excluded under Fed. Evid. Rule 404(b) as interpreted in *United States v. Commanche*, 577 F.3d 1261, 1266-68 (10th Cir. 2009). Evidence of other acts is not admissible to prove a party's state of mind if the evidence's logical relevance depends upon an inference that the party against whom the evidence is offered is acting in conformity with a particular character trait–in

this case an alleged tendency to wilfully ignore Engle's rights under the Operating Agreement. Engle's evidence of Elm Ridge's mischaracterization of its status to the BLM falls squarely within Rule 404(b)'s proscription of propensity evidence.

**IT IS THEREFORE HEREBY ORDERED** that Elm Ridge Exploration Company's *Motion in Limine Regarding Evidence Related to any Alleged Misrepresentation Elm Ridge Made to the United States Bureau of Land Management* [Doc. 121] is **granted**.

**So ordered this 9th day of October, 2011.**

_____
M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE