IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELM RIDGE EXPLORATION COMPANY, LLC

       Plaintiff/Counterclaim Defendant,

vs.                                                  Civ. No. 10-00328 MCA/LFG

FRED ENGLE,

       Defendant/Counterclaimant,

**ORDER DENYING ELM RIDGE'S MOTION IN LIMINE
REGARDING EVIDENCE IN SUPPORT OF THE ASSERTION
THAT ENGLE DID NOT CONSENT TO
PARTICIPATE IN THE WEST BISTI 22-1T WELL**

      This is case is before the Court upon Elm Ridge Exploration Company's *Motion in Limine Regarding Evidence in Support of the Assertion that Engle Did Not Consent to Participate in the West Bisti* 22-1T Well [Doc. 122] and Fred Engle's response thereto [Doc. 136]. The Court has considered the written submissions of the parties, the arguments of counsel at the Call of the Calendar, the record in this case, the pertinent law, and is otherwise fully advised.

      Elm Ridge argues that Engle is precluded from litigating the issue of his consent to the 2008 AFE by his failure to properly contest certain statements of undisputed material fact set out in Elm Ridge's Motion for Partial Summary Judgment.  Elm Ridge misunderstands the preclusive effect of D.N.M. LR-Civ 56.1(b).  A party's failure to properly contest a movant's

assertion of facts in response to a motion for summary judgment admits the fact solely for purposes of the motion, and does not preclude the non-movant from thereafter contesting the admitted fact in other proceedings in the case. Fed. Civ. P. Rule 56, Advisory Committee note to 2010 amendment to Subdivision (e).

The Court has comparted the allegations of Elm Ridge's complaint against the responses in Engle's Amended Answer. In Paragraph 25 of its Complaint Elm Ridge alleged as follows:

> 24. By letter dated September 13, 2008, Engle revoked his acceptance of the Non-Consenting Party penalty stipulation and advised Elm Ridge not to refund $11,796.86 he had already paid. Through this letter Engle agreed to participate and to apply this money to his share of the costs of the West Bisti 22-1T Well. . . .

[Doc. 3-1 at 4]. In his Amended Answer, Engle replied to Paragraph 24 as follows:

> 24. Engle admits that he sent a letter to Elm Ridge as alleged in paragraph 24 of the Complaint, but denies that he agreed to Elm Ridge's status as successor operator, and *further denies that he agreed to the terms of Elm Ridge's July 8, 2008 proposal*.

[Doc. 33 at 4]. The Court finds that Engle adequately denied the issue of his status as a Consenting party.

As Engle has pointed out, the Court has not yet ruled on the purely legal question of whether, assuming the pleadings have placed this issue in dispute, the terms of the Operating Agreement precluded Engle from changing his election after the time limits in Article VI.B.1. had expired. This is an important issue of law, which the Court will now address. The leading New Mexico case on point is *Nearburg v. Yates Petroleum Co.*, 123 N.M. 526, 1997-NMCA-069, which involved a dispute arising out of a form oil and gas operating agreement similar to the Operating Agreement in the present case. As the Court reads *Nearburg*, a non-consenting party cannot force a proposing party to accept an untimely notice of intention to participate.

*Nearburg* is clearly distinguishable as the proposing party in the present case–Elm Ridge–clearly was willing to extent the time limits and accept an untimely change of election by the non-consenting party.  *Nearburg* does not address situations in which the proposing party is willing to waive the time limit for electing to participate or in which both parties agree to extend the time limit for electing to participate.   Under New Mexico law, the parties may modify a written contract by their words and conduct.  *Medina v. Sunstate Realty, Inc.*,  119 N.M. 136 (1995).  The evidence before the Court is sufficient to give rise to triable issues of waiver or modification of the time limits for electing to participate.  Correspondence between Elm Ridge and Engle is relevant to issues of waiver or modification of the time limits for opting-in as well as to the issues of consent.and duress.

Engle has withdrawn Exhibits Q and R [Doc. 136 at 4];  Elm Ridge's motion is therefore moot as to these two exhibits.  Elm Ridge's motion will be denied as to Exhibits H through P.

**IT IS THEREFORE HEREBY ORDERED** that Elm Ridge Exploration Company's *Motion in Limine Regarding Evidence in Support of the Assertion that Engle Did Not Consent to Participate in the West Bisti* 22-1T Well [Doc. 122] is **denied**.

**So ordered this 9th  day of October, 2011.**

M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE